Good morning, Your Honors, and may it please the Court. My name is Rico Martinez, and I'm here with Aaron Martin. We are law students at the James E. Rogers College of Law at the University of Arizona, and are supervised today by Dr. Jordan Curtis. We represent Mr. Silberman, the petitioner in this case, and my colleague and I will divide our times equally and would like to reserve one minute for rebuttal. Your Honor, we are here today because the tax court made three mistakes. First, the tax court ignored the fact that Mr. Silberman raised valid claims in his request for a CDP hearing, which entitled him to a face-to-face hearing. Second, the tax court applied the wrong standard in reviewing the actions of the appeals officer in denying Mr. Silberman that hearing. And third, the tax court held that bankruptcy per se constitutes a prior opportunity to raise one's liability and therefore precluding him from having a face-to-face conference at all. May I ask you about the last part of that? Go ahead. I understand what happens is he's got a bankruptcy case going on. The government files a tax claim. Why doesn't he have every opportunity there to say, hey, I don't know the money? Your Honor, in this case, the court has – this circuit has never held that bankruptcy per se constitutes a valid opportunity. Now, the case that's cited by the respondent is Kendrick's. And in that case, the facts are wildly dissimilar. In that case – I'm not asking about the case. I'm just asking you, why can't he do it in the bankruptcy court? The government says, you owe me $4,000. Why can't he tell the bankruptcy judge, no, I don't owe him $4,000? Well, it's unclear from the record whether that actually took place. Well, it may not have taken place, but why can't he do it? There was a notice of deficiency sent to him that told him you have the option of filing an objection to any proof of claim the IRS may file, in essence, in the bankruptcy court, which is, I think, the underlying reason for Judge Silverman's question. Correct. There's – Mr. Silverman maintains that he has not – did not receive the notice of – the 2003 notice of deficiency. Okay, but he got the bankruptcy claim. He's a bankruptcy court. He knows the government's chasing after him for – Correct, correct. So why can't he – why can't he object to it there? Well, it's possible he may have been able to, but he only agreed to the settlement at issue in the bankruptcy case. So the record states that he was in – he had agreed only to a settlement of $68 per month to pay, and therefore, that's the agreement that Mr. Silverman came to. $68 a month for how many months? I believe it was for – Okay, so it's an aggruent amount. I mean, he's agreed to pay a certain amount at $68 a month. Correct, but he – I mean, it's still – in that case, he may not have – by agreeing to the settlement plan, he's negotiating a settlement and not necessarily, you know, agreeing that he's liable for, you know, X amount of money. You know, he believes that as long as he follows that settlement, that he would be able to – No, Your Honor. Counsel, I have another question that's on a slightly different topic, but in the supplemental briefing at page 16, you have an argument that begins or that includes this statement, Mr. Silverman is not seeking to raise his tax liability in court. He's only seeking to get a face-to-face meeting. Is he no longer contesting the amount of his tax liability? Well, the issue here, Your Honor, is that – That's a yes or no question. Is he contesting the amount of his tax liability? No, he's not contesting the amount of his liability. If he's not contesting the amount of his liability, what is there to meet about? What is there to have a case about anymore since the whole point is to determine his liability? If he now agrees that he's liable for X, whatever that dollar amount is, why aren't we just done? Well, if that was the case where he is questioning – where the appeals officer said you owe X amount of money and he argues I owe Y amount of money, then the tax court would be able to come in and say no, you owe, you know, Z amount of money. But in this case, what Mr. Silverman is challenging is the fact that he raised valid claims entitling him to a face-to-face hearing and was denied that. And so the role of the tax court is to review that. But the role of all of that is to determine whether he has a tax liability. It's not some sort of freestanding let's have a conversation. The whole thing is about tax liability. And if the parties agree on the amount of liability, what is there to meet about? Well, if you answer that question, then we'll hear from your tag team partner there. Okay. Well, there are other issues involved. So if it was the case that he wasn't able to raise the issue of tax liability, then he would have been precluded from raising that issue at the face-to-face conference. But it's not a justification to deny him forthright the whole face-to-face meeting. If there are no further questions, I'd like to reserve the time to my colleague. Thank you. Good morning. Good morning, Your Honor. May it please the Court. Just to pick up on this. Your who, please? Aaron Martin. Thank you, Mr. Ward. Sorry. To pick up on this last question, Mr. Silberman's bankruptcy, even if the Court decides today that bankruptcy provided him an opportunity to contest his liability, that only it does not determine the whole case, which is what the tax court decided. What it decides is what Mr. Silberman can raise at a CDP hearing. And under the statute, under 6330C2B, he would be precluded from raising his underlying liability. But he still has valid claims under 6330C2A3. And in that section, if you look at his amended hearing request of April 21, 2005, which is page 75 in our supplemental excerpts, he raised at least two other valid claims that could entitle him to a face-to-face CDP hearing. He raised a challenge to the process itself, and he also stated that he was willing to discuss collection alternatives if he was found liable. Now, the willingness to discuss collection alternatives is a valid reason to have a face-to-face CDP hearing, and that triggers the statute under A3. So even if the bankruptcy does not solve this entire case, and so it's incorrect to say that the liability is the only issue. Secondly, the standard of review that the tax court applied, we submit, went too far. Essentially, the tax court looked only at the liability, and the appeals officer and the tax court both ignored the amended CDP hearing request and overlooked the other valid claims that Mr. Silverman had. And by doing so, it – well, and the other issue is that in the record before the tax court, and essentially the record before this court, there are no details about the bankruptcy. The only thing the tax court knew about the bankruptcy was what the IRS told it at the hearing on the motion for summary judgment. And essentially what the tax court decided, because it didn't know anything about the bankruptcy proceeding, is that even if Mr. Silverman had filed bankruptcy on Monday, the IRS filed a proof of claim on Tuesday, and the bankruptcy was dismissed on Wednesday, that would entitle him to an opportunity to contest his liability. And I don't think we can read the statute that way. Opportunity isn't defined in the statute, but in the regulation on that statute, 301.6330-1AE2, the regulation seems to indicate that an opportunity must take place within the appeals process itself. What do you make of the regulation that says that a CDP hearing may, but is not required to, consist of a face-to-face meeting? That interpretation. That's a regulation. The regulation, I'd say a couple things about that. First, it is contrary to IRS policy and practice. In 2001, the commissioner sent an advisory opinion saying that after meetings with the Department of Justice and the appeals department, that the IRS should provide face-to-face hearings to satisfy the statutory language. Now, the tax court has allowed telephonic hearings and correspondence hearings in certain cases, but if you also look at that regulation, it says in an exception. Excuse me. What in the statute, in your view, requires a hearing to be face-to-face as distinct from telephonic? Nothing in the statute requires it. It says. Oh, you're not saying that that regulation is ultra-virus, where it says it doesn't have to be face-to-face? No, but if you continue to read the second part of that regulation, it says that it's essentially up to the taxpayer, that the face-to-face hearing is the default. And if the taxpayer says, well, I can't make it to the IRS office closest to me, or may I finish? If I can't make it to the office that's closest to me, I as a taxpayer may request a telephonic hearing or I may offer to do it through correspondence. But it seems a decision for the taxpayer and not for the IRS. Thank you, sir. May it please the Court. My name is Terry Milton, representing the Commissioner. This case has been sort of an evolving thing, and I'm not sure exactly where things stand now as to the issue of the bankruptcy proceeding constituting an opportunity within the meaning of 6330C2B. But I would like to clarify one thing, at least. The tax court did not find that bankruptcy per se constitutes an opportunity, and the IRS doesn't argue that either. The IRS takes into account the circumstances of a bankruptcy proceeding. The tax court had before it the affidavit of an IRS bankruptcy specialist who had handled Mr. Silverman's case, and so the bankruptcy court knew that the bankruptcy petition was filed in June of 2001, that the IRS filed proofs of claim within two or three months after that. I'm not sure that the bankruptcy court knew a plan was confirmed via that affidavit, but in testimony that Mr. Silverman gave at the hearing on the IRS's motion for summary judgment, it came out that there had been a plan confirmed and that the case was ultimately dismissed in 2004, which was three years later, because he wasn't making plan payments. So we're not talking about the Monday, Tuesday, Wednesday scenario here. We're talking about a proceeding that went on for three years, and the IRS had filed proofs of claim. Mr. Silverman had bankruptcy counsel and at some point decided to go ahead and agree to a payment plan that would contemplate paying the IRS for the amounts that are at issue here because they are still unpaid. We believe the case is fairly straightforward, given the rule that Mr. Silverman had an opportunity to challenge his tax liabilities at the time of his bankruptcy proceeding. And if that issue is foreclosed by virtue of Section 6330C2B, there were no other valid claims raised by Mr. Silverman that would have required a face-to-face hearing. He wrote his initial request saying that he had never received a notice of deficiency from the Secretary of the Treasury. He said that he would like to see some specific assessment documents. He indicated that he wanted to record this hearing, that he was going to insist on having face-to-face with an IRS employee. And at some point he said, if you can show me the statute that makes me liable for paying income taxes, I would be willing to talk to you about paying my income taxes. This is a scenario that is all too often seen by the IRS in the cases of trying to collect taxes that are long overdue. And the person, Agent Tittle, who was reviewing this request, decided from looking at it that once she had verified that all of the proper procedures had been met by looking at IRS computer records, there would be nothing gained by sitting down and talking to Mr. Silverman, because he seemed just to be insisting that he had to see certain particular documents, which the law does not require the IRS to show to him once it verifies that the procedures were followed. So she did, in fact, say that there would be an opportunity for him to talk to an IRS employee on the telephone on a particular date, and she sent him a letter. And then she said, if you have something more you want to bring up, you can get back to us within 15 days. And implicit in that is that if he had something specific to say, the scenario would alter and something different might happen. And he sent back to her saying basically the same things, that he needed to see these documents, the IRS had to show him these documents, and somewhere in there he said, according to his records, he didn't owe the taxes. And that has given rise to this notion that his underlying tax liability is at issue here. As things have evolved, again, it's not clear that he is disputing those taxes in terms of the amount of the taxes. He may be disputing the fact that he doesn't owe any taxes, but, again, that's not something that would require a sit-down conference with the IRS. He has talked to the judge at the tax court hearing on the government's motion for summary judgment, and the tax court pressed him about whether he denied receiving the income that the IRS had attributed to him, and he didn't say he didn't receive the income. He's never suggested that when his taxes were computed by the IRS, because he didn't file tax returns, they didn't allow him the proper deductions or calculate the amount of the tax correctly. So, in fact, perhaps he doesn't challenge his underlying liability in terms of amount, and as I said, to the extent he might be challenging the fact that he owes any taxes at all on income that he's received, that's not a claim that requires the IRS to provide an employee to sit down with him face-to-face and talk about that particular argument. As to the tax court's standard, let's see, I think I've covered the fact that the bankruptcy court did not find that, I mean, I'm sorry, the tax court didn't find that a bankruptcy proceeding per se constitutes an opportunity to challenge an underlying tax liability under Section 6330C2B. That was not the tax court's finding, and it's not the IRS's argument. As to the valid claims that have been referred to by the Taxpayers' Council, they don't specify what those valid claims are, and I don't think that if one looks at the record, one sees any valid claims from the taxpayer other than what we call protester-type claims of, I have to see this document and the IRS has to show me that document, and certain things have to be signed by the Secretary of the Treasury or they're not valid. Finally, as to the tax court's standard of review, I think the court properly looked at the question whether the appeals officer had abuse or discretion, which is the standard to be applied once the underlying tax liability was determined not to be at issue, and the tax court based that on a de novo review of the record and, in fact, evidence that was offered at trial, because that was a question of the tax court's jurisdiction, so it properly reviewed that de novo. Unless the court has questions, I have nothing further. No, thank you very much. And you folks used up your time, so we'll order this case submitted at this time. Thank you. Thank you very much for taking the case on a pro bono basis. We do appreciate it. Thank you.
judges: Fernandez, Silverman, Graber